UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATVIR S.,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | No. 1:26-cv-00157-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 4) after granting Petitioner Satvir S.'s ("Petitioner") underlying ex-parte Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a response and did not request a hearing. (ECF No. 7.) For the reasons set forth below, the Court issues a preliminary injunction.

///

///

1

I. **FACTUAL BACKGROUND**[1]

Petitioner is a citizen of India and an asylum applicant in the United States. (ECF No. 2 at 2.) Petitioner entered the United States in July 2020 and was detained by immigration authorities because U.S. Department of Homeland Security ("DHS") cancelled his visitor visa upon arrival. (ECF No. 1 at 3 n.1.) On July 28, 2020, Petitioner was released under an Order of Supervision to pursue an asylum claim. (*Id.*) Petitioner's asylum application is still pending. (*Id.*)

Petitioner has complied with his required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). (*See* ECF 1-3 at 2 (evidencing ICE visits twice per year).) Nevertheless, on September 18, 2025, at an asylum interview appointment, Petitioner was detained by ICE without notice, warrant, or hearing. (ECF No. 1 at 6.) On January 7, 2026, Petitioner requested and was denied a bond hearing before an immigration judge. (ECF No. 1-4.) Petitioner was detained for nearly four months without a hearing. (*See id.*)

Petitioner challenged the lawfulness of his civil detention through a petition for writ of habeas corpus and a motion for TRO. (ECF Nos. 1, 2). On January 12, 2026, the Court granted a TRO ordering Petitioner's immediate release from detention.[2] (ECF No. 4.) Now the Court determines whether the relief granted in the TRO should continue as a preliminary injunction.

II. **STANDARD OF LAW**

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the

---

[1] The facts are not disputed by the parties. (ECF Nos. 2, 7.)

[2] Respondents did not affirm in their response that they have released Petitioner. Thus, the Court now seeks a notice certifying compliance with the January 2, 2026 TRO.

hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

### III.     ANALYSIS

This Court has already found that Petitioner established each of the *Winter* elements sufficient to warrant relief, as set forth in the TRO, including likely violations of the Immigration and Nationality Act and the Fifth Amendment Due Process Clause. (ECF No. 4.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

Respondents oppose a preliminary injunction on the grounds that Petitioner should be mandatorily detained under 8 U.S.C. § 1225(b)(2) and thus has no liberty interest. (ECF No. 7 at 1–2.) This Court has already found, in this case and dozens of other cases along with courts nationwide, that Respondents legal position on this issue is incorrect and that Petitioner's detention is governed by 8 U.S.C. § 1226(a). As this Court warned in its TRO: Absent new argument, case law, or distinguishable facts, this Court will not reconsider its position. Respondents provide none.

### IV.     CONCLUSION

Therefore, to prevent further irreparable harm, the Court issues a preliminary injunction as set forth below.  IT IS HEREBY ORDERED:

1. By January 27, 2026, Respondents must file a notice certifying compliance with this Court's Temporary Restraining Order and identifying the date Petitioner was released.
2. Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

3

3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE